FRANCIS TUPPERY, Defendant in Error, v. CHARLES HERTUNG, Plaintiff in Error.

1. *Practice, civil—Exceptions, bill of—Only matters patent on record noticed.* —Where no exceptions are preserved, only such matters as are patent on the face of the record proper will be noticed.
2. *Partition — Petition — Allegations, what sufficient.*—In a partition suit, allegations of seizin in the ancestor and descent to the heirs are, *prima facie,* sufficient to vest both title and possession in the latter.
3. *Partition — Under act of 1865, attorneys could not stipulate for judgment in what cases.*—Where the answer in a suit for partition stated, among other things, that administration had not been closed on the estate sought to be partitioned, and that there were not sufficient personal assets to pay the debts of the deceased, the attorneys of record, under the partition act of 1865 (Gen. Stat. 1865, ch. 152, § 51), had no power to stipulate that judgment of partition should be rendered, even though it was further agreed that the proceeds arising from the sale under the partition should be subject to the debts of the deceased.

*Error to Second District Court.*

*Brown & Davis,* for plaintiff in error.

To legally maintain partition, the petition must show affirmatively: 1. That the estate is held in joint tenancy, tenancy in common or coparcenery, and whether the estate is of fee, for life, for years, tenancy by curtesy, or in dower. (Gen. Stat. 1865, p. 611, §§ 1, 3; Gould's Pl., ch. 4, §§ 4–13; Stephens' Pl. 304; Myers v. Field, 37 Mo. 441; Frazer v. Roberts, 32 Mo. 457.) 2. That plaintiff is in actual possession of the realty with the defendant; the right of possession merely is not sufficient. (Lambert v. Blumenthal, 26 Mo. 473; McCabe v. Hunter, 7 Mo. 355; *id.* 446; Frazer v. Roberts, *supra.*) 3. That the intestate had title to the realty; mere seizin is not sufficient. (Frazer v. Roberts, *supra;* Gen. Stat. 1865, p. 611, § 3.) 4. "That the estate from which the realty has descended has

been finally settled, and all claims against it fully discharged."
This is a statutory condition precedent to partition. (Gen. Stat.
1865, p. 611, § 51; 8 Cow. 369; Fithian v. Monks, 43 Mo. 520;
Frazer v. Roberts, *supra*.)

*G. H. Green*, for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

Error to a judgment of the Second District Court, where a
judgment of the Court of Common Pleas of Cape Girardeau
county was affirmed in a proceeding in partition. No exceptions
are preserved, and therefore only such matters as are patent on
the face of the record proper will be noticed.

We do not think that there is anything in the point that the
petition is defective in not containing sufficient allegations to
warrant the decree. It alleges seizin in the ancestor, and descent
to the heirs, and that was *prima facie* sufficient to vest both
title and possession. No objection was taken by answer, and the
averment was substantially good.

The answer filed in the cause stated that administration had
not been closed on the estate sought to be partitioned, and that a
year had not elapsed since the taking out of letters of adminis-
tration on the estate; that there were not sufficient personal
assets to pay the debts of the deceased, and that the real estate
would be required for that purpose.

With this answer standing on the record uncontradicted, the
attorneys of record entered into an agreement by which they
stipulated that judgment for partition should be rendered, and
the proceeds arising from the sale should be subject to the debts
of the deceased. In accordance with this arrangement a judg-
ment for partition was rendered and the land ordered to be sold.

This proceeding was commenced and prosecuted to its final
termination under the provisions of the partition act of 1865.
The fifty-first section of that act declares that in all cases where
proceedings are commenced under this chapter, and the lands,
tenements or hereditaments, or any portion thereof, sought to be
divided as hereinbefore directed, shall have descended to any of

the parties in interest, no judgment of partition or assignment of dower shall be rendered, and no order of distribution shall be made, until the court shall be first satisfied that the estate from which the same has descended has been finally settled and all claims against it fully discharged. (Gen. Stat. 1865, ch. 152, § 51.) This section has been since that time modified and altered. (See 2 Wagn. Stat. 973, § 51.) I have no doubt about its being within the province of attorneys in the cause, in the conduct thereof, to agree upon the terms, and what kind of a judgment shall be entered.

But the judgment must be in conformity with the law, not in violation of it. The statute here is express and peremptory that no judgment of partition shall be rendered until the court shall be satisfied that the estate has been finally settled and all claims against it fully discharged. The action in the court below was to supersede the statute and proceed in direct conflict with its imperative prohibitions. It was not competent for the attorneys to do this.

The judgment must therefore be reversed and the proceedings dismissed. The other judges concur.