13 397
112m 660

HENRY RHORER, Appellant, *v.* JOHN W. BROCKHAGE, Respondent.

### March 13, 1883.

1. HOMESTEAD. — The statute vests in the family of a deceased husband an estate in his realty which does not cease to exist until the widow dies and the youngest child becomes of age.

2. —— The mother of a minor child in whom is vested a homestead right cannot deprive the child of such right by ceasing to reside on the homestead property.

3. —— PARTITION. — A purchaser from the mother of a minor child who has a homestead right in the property bought is not entitled to partition against the child.

4. —— The child is entitled to a homestead in the property, and not merely an aliquot part thereof, and this right is not confined merely to shelter.

APPEAL from the St. Louis Circuit Court, ADAMS, J.
*Affirmed.*

GEORGE M. FORSTER, for the appellant: Under the Missouri law, the homestead law is an exemption from attachment and execution when used as a home. — Rev. Stats. 451,

sect. 2691. The homestead exemption is a right — an immunity from attachment and execution at the hands of creditors only — but is not an estate. — *Black* v. *Curran*, 14 Wall. 463 ; *Hewett* v. *Templeton*, 43 Ill. 367 ; *Turner* v. *Bennett*, 70 Ill. 263 ; *Robinson* v. *Baker*, 11 N. W. Rep. 410. And this exemption from attachment and execution of the home, when used as such, passes to and vests in the widow and children at the death of the housekeeper, and continues for their benefit without being subject to the debts of the deceased, but his entire interest and estate, except this exemption from execution and attachment thus continued, is subject to the laws relating to devise, descent, dower, partition, and sale. — Rev. Stats. 451, sect. 2693 ; *Poland* v. *Vesper*, 67 Mo. 727. When the householder dies intestate, without debts and without alienation, his real estate is subject to descent, dower, partition, etc., between the widow and heirs, the same as if the homestead law had no existence upon the statute book. — Rev. Stats. 451, sect. 2691 ; *Bennett* v. *Turner*, 70 Ill. 263 ; *Sontag* v. *Schmisseur*, 76 Ill. 541 ; *Fight* v. *Holt*, 80 Ill. 84 ; *Hagar* v. *Nixon*, 69 N. C. 108 ; *Robinson* v. *Baker*, 11 N. W. Rep. 410. Use as a home is one of the statutory conditions of a homestead, therefore the right and exemption may be lost by abandonment — and the mother or surviving father can, by abandoning the homestead, deprive the children of this right. After the death of the father, the mother becomes the protector of the children, and her domicile and home becomes theirs. — Thomp. on Homestead, sects. 43, 102, 550 ; *Hicks* v. *Pepper*, 57 Tenn. 42 ; *Buck* v. *Conlogue*, 46 Ill. 391 ; *Clubb* v. *Wise*, 64 Ill. 157 ; *Shepherd* v. *Brewer*, 65 Ill. 383 ; *Johnson* v. *Taylor*, 43 Texas, 121 ; *Tadlock* v. *Eccles*, 20 Texas, 782 ; *Dawson* v. *Holt*, 44 Texas, 174 ; *Hartman* v. *Thomas*, 37 Texas, 90 ; *Davis* v. *Andrew*, 30 Vt. 678 ; *Truessal* v. *Morrell*, 28 Vt. 672 ; *Nevins' Appeal*, 47 Pa. St. 230. Where the homestead right exists, the property is subject to execution, and partition, and sale, subject to that right. —

Rev. Stats., chap. 56, sects. 3341, 3342; *Poland* v. *Vesper*, 67 Mo. 727; *LeBourgeoise* v. *McNamara*, 10 Mo. App. 116; *Lunsford* v. *Jarrett*, 2 Lea, 579; *Harvey* v. *Duncan* (MS.), Tenn. 1876; *Avans* v. *Everett*, 3 Lea, 76; *Crook* v. *Lunsford*, 2 Lea, 237; *Mash* v. *Russell*, 1 Lea, 543; *O'Gatton* v. *Tolley*, 10 Cent. L. J. 57; *Hillard* v. *Scoville*, 48 Ill. 453; *s. c.* 52 Ill. 449; *Cook* v. *Webb*, 19 Minn. 170.

W. H. H. RUSSELL, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

On May 17, 1875, the father of defendant died intestate, leaving him surviving as his sole heir, his only child, the defendant, and his widow, Mildred.

At the time of his death, Brockhage, the father, owned in fee, and occupied as his homestead, a lot of fifty-five by one hundred and twenty feet, in St. Louis.

On January 31, 1876, the widow elected to be endowed absolutely of a child's share in the property above mentioned.

Afterwards, the widow intermarried with one Alvord, and, together with her husband, on August 26, 1878, she executed and delivered a deed of trust to secure certain promissory notes. This deed was foreclosed, and plaintiff is the purchaser at the sale under the deed of trust.

After the death of John Brockhage, her first husband, the widow and her son, the defendant, resided upon the premises in question, until November, 1879, when they moved to another house, which they have ever since occupied. The first homestead is rented out, the widow and her son, the defendant, receiving the rents.

On this state of facts, plaintiff, claiming that he owns one undivided half of the premises in question in fee, as having succeeded to all the rights of the widow, and that defendant owns the other undivided half in fee, seeks in this action a partition of the premises.

The cause was tried by the court without a jury. The

court found that the real estate, dwelling, and appurtenances included more than eighteen square rods of ground, and do not exceed the value of $3,000; that the homestead has not been set out; that eighteen square rods including the house are not subject to partition, during the minority of defendant; and that defendant is entitled to have a homestead set out to him during his minority, leaving the excess only subject to partition in this action. The plaintiff by stipulation waived any right to present partition of the excess over eighteen square rods, whereupon plaintiff's bill was dismissed by the court.

The question presented for our determination is, whether the homestead right given by our statute to a minor child is subject to partition.

It was formerly provided by statute in Missouri (Wag. Stats. 98, sect. 5), that "if any housekeeper or head of a family shall die, leaving a widow, or any minor children, his homestead to the value aforesaid" ($3,000 in the present case) "shall pass to, and vest in, such widow or children, or, if there be both, to such widow and children, without being subject to the payment of the debts of the deceased, unless legally charged thereon in his lifetime; and such widow and children, respectively, shall take the same estate therein of which the deceased died seised; provided that such children shall, by force of this chapter, only have an interest in such homestead until they shall attain their majority; and the probate court having jurisdiction of the estate of such deceased housekeeper or head of a family, shall, when necessary, appoint commissioners to set out such homestead to the person or persons entitled thereto."

The supreme court (*Skouten* v. *Wood*, 57 Mo. 380), following the construction given to this statute at the time it was enacted in Missouri, in Vermont, from which state it was derived, held that the widow's title under this section was an absolute estate in fee, and that, so far as homesteads

are concerned, it effected a repeal of the statute of descents and distributions.

In March, 1875, this section of the homestead act was changed. Laws of 1875, p. 60, sect. 1. The section as then amended, and as it now exists (Rev. Stats., sect. 2693), reads as follows : —

" If any such housekeeper or head of a family shall die, leaving a widow or any minor children, his homestead to the value aforesaid shall pass to, and vest in, such widow or children, or, if there be both, to such widow and children, and shall continue for their benefit, without being subject to the payment of the debts of the deceased, unless legally charged thereon in his lifetime, until the youngest child shall attain its legal majority, and until the death of such widow ; and such homestead shall, upon the death of such housekeeper or head of a family, be limited to such period. But all the right, title, and interest of the deceased housekeeper or head of a family in the premises, except the estate of the homestead thus continued,- shall be subject to the laws relating to devise, descent, dower, partition, and sale for the payment of debts against the estate of the deceased ; and the probate court," etc., as in the old law.

The essential change made by this new legislation seems to be, that the widow has a life estate, instead of a fee, which she had before. An estate is carved out of the estate of the husband, for the use of his family, and it is a vested estate, which is not to cease to exist until the family cease to exist by the coming of age of the youngest child and the death of the widow, upon the happening of which events the purpose for which the general estate was taken out of the fee having failed, the fee receives back the particular estate.

If either of the parties could lessen or impair the rights of the others, the object of the statute would be defeated. We have no doubt that the rights of the children are not impaired by the abandonment of the homestead by the

mother. *Heard* v. *Downer*, 47 Ga. 629; *Johnston* v. *Turner*, 29 Ark. 280; *Nicholas* v. *Purczell*, 21 Iowa, 265.

Our statute says nothing about the occupancy of the homestead by the widow or children. In Illinois, under a statute which provides that " the exemption shall continue after the death of the householder for the benefit of the widow and family, some or one of them continuing to occupy such homestead until the youngest shall become twenty-one years of age, and until the death of such widow," it is held ( *Walters* v. *The People*, 21 Ill. 178), that occupancy of the homestead may be by means of a tenant, and that actual residence by the widow or child is not required, and that abandonment of the homestead by the widowed mother would not prejudice the rights of the children. " It is evidently the intention of the act," says Judge Breese, in language which is partly applicable to our own statute, " to give the widow and family a home, which shall be not only her refuge in her affliction, but afford her means for support for herself and her children. Besides, great care is expressed for the children by the provision that the exemption shall exist until the youngest shall become twenty-one years of age, making no distinction between males and females, to the latter of whom the exemption is extended three years beyond their majority. Now, by what process can this youngest child be deprived of the right secured to it by this act? Suppose it was a child at the breast and an orphan, the mother having died also, would it be contended that the little infant must actually reside on the lot? Would not the occupancy of the premises by a tenant fulfil the requirements of the statute? How else could the infant enjoy the benefit of the exemption expressly given until he or she shall become twenty-one years of age? "

We are of opinion that the homestead rights of the child once vested by the father's death, are not, in Missouri, any more than they are in Illinois, confined to the right of shelter. The right given, however, is not a right to a fraction of the

homestead, but to the entire homestead, as tenant in common in case of the child with his mother, whilst she lives, and his brothers and sisters during minority. If partition could be had, then the child would have, not the homestead, but an aliquot part of the homestead only, and would by partition be finally deprived of the shelter of the homestead, which he might otherwise regain, should his mother choose, or be compelled, to reoccupy the premises.

Besides, the statute, as amended, by its terms, expressly exempts the estate of homestead, whilst it continues, from the operation of the laws respecting partition.

We are of opinion that the plaintiff was not entitled to have partition of the homestead, and that the judgment should be affirmed. It is so ordered. All the judges concur.

THOMPSON, J., delivered the opinion of the court on a motion for a rehearing.

We have given the appellant's motion for a rehearing the most careful attention which the time at our disposal will permit. We have considered with care the suggestions contained in the brief which his counsel has filed in support of the motion — a brief highly creditable to his learning and diligence. The result of our reflections is, that we are brought back to the opinion of the court already pronounced, and to that opinion we must adhere.

The position of the learned counsel is, that the defendant only took the homestead right which his father had; that this right to use and occupy the premises as against the claims of his (the father's) creditors; that, as the father died without debts, the infant cannot claim as against his co-tenant (the mother) any homestead right through his father; that, even if any right of homestead descended to the defendant in this case, he has lost it by abandonment; and, finally, that the homestead exemption is a *right*, and not an *estate*, but that the land subject to this exemption is

subject to the laws of dower, descent, partition, and sale, and that, therefore, a sale may be made subject to the conditional homestead right without interfering with that right. The learned counsel also contends that a homestead exemption cannot be claimed by a tenant in common in his undivided interest, because a homestead cannot be designated, or set apart out of estates in common.

We do not assent to these propositions at all. We do not agree that the child's right of homestead depends upon the fact that the father died leaving debts. The head of a poor family may die without debts, and the family homestead may be all that he leaves to them. This asylum is just as necessary to them under such circumstances as it would be if he died leaving debts. Their right to it cannot be made to depend upon the contingency of his being indebted, since they are under no obligation to pay his debts. His debts are not their debts; they are a charge upon the property subject to the right of homestead, but if they do not exist, the right of homestead will none the less exist. It is just as important that this shelter should be secured to the widow and minor children against her creditors, as against the husband's creditors.

The proposition that the infant defendant has lost his homestead right by the act of his mother and step-father in abandoning the physical possession of the home place, is a point which is fully considered in the opinion already delivered, and which we need not reargue. In the light of the statute, such a position is wholly untenable. The statute secures to this lad his homestead, notwithstanding both father and mother may die, until he arrives at the age of twenty-one years. Of what value is this right to him, — of what substance is it, — how can it be called a right at all, — if it can be destroyed by the act of the mother, nay, by the act of a step-father, in taking him from it. A poor widow may be reduced to circumstances so necessitous as to be obliged to rent out the family homestead and retire

to some cheap tenement in order to live. Shall her very poverty be turned against her and her children as a sword to destroy a benefaction which the law has given them as a shield against such poverty? The courts do not countenance such a doctrine. The tendency of the courts is, to construe statutes of homesteads so as to dispense altogether with the conditions of occupancy in the case of orphan children. *Phipps* v. *Acton*, 12 Bush, 375; *Evans* v. *Evans*, 5 Reporter, 499; *Johnson* v. *Gaylord*, 41 Iowa, 366; *Johnston* v. *Turner*, 29 Ark. 280; *Booth* v. *Goodwin*, 29 Ark. 633.

The learned counsel also insists — and this seems to be a necessary link in his chain of argument — that the interest which passes to the widow and children on the death of the father, in the family homestead, is a *right* and not an *estate*, and, as appears from the propositions already alluded to, he would have us hold that this right is a mere immunity against the creditors of the deceased husband and father in case he died leaving debts.

There might be force in this argument if the statute did not call it an estate. This section of the Revised Statutes under consideration (sect. 2693) calls it " the estate of homestead thus continued." It also speaks of its " vesting " in the widow and children. It is thus clearly a vested estate, and not a mere negative immunity from disturbance by the deceased father's creditors in case he should have died leaving creditors. Now, if the homestead exists at all, it is an entire thing. It cannot be split up into aliquot parts and the possession divided. The widow cannot have a part as a homstead and a minor child another part as a homestead; nor can a minor child have a part as a homestead, while the widow's assignee is let into another part. The statute contemplates no such absurdity. But this would be the result in the present case if the plaintiff could have partition according to the prayer of his petition.

The learned counsel nevertheless argues that, supposing that a right of homestead exists in an estate, that is to say, we suppose, in the reversion, this reversion may be sold for partition, leaving untouched the right of homestead, and without interfering with this right. The answer to this is, that the statute of partition does not contemplate the partition of reversionary interests. A sale for partition in this case would be of no advantage whatever to the plaintiff; since he could sell nothing under the decree for partition which he cannot sell without such a decree. He is the owner of an undivided half of these premises subject to the homestead right of the defendant. He can sell this whenever he can find a purchaser. This, we think, sufficiently appears from the doctrine of *Freund* v. *McCall* (73 Mo. 344); and this is all the law can do for him. Neither would actual partition do him any good; for he could not enter into possession of the share allotted to him, till the termination of the homestead estate. As he could derive no benefit at present, either from a partition or from a sale for partition, it is not right that he should burden his cotenant with the costs and expenses of a proceeding for partition. And on this ground it is held that a reversioner cannot maintain an action for partition unless he has also a present interest. *Striker* v. *Mott*, 2 Paige Ch. 387; s c. 22 Am. Dec. 646; *Wood* v. *Clute*, 1 Sandf. Ch. 204; *Striker* v. *Mott*, 28 N. Y. 90.

There is nothing in the last point, that the defendant has no homestead right because his interest in the property is that of a tenant in common with his mother. This doctrine, if admitted, would repeal the statute continuing the homestead to the widow and orphans; since, in all cases where there are children, the fee descends to several persons.

The motion for rehearing is denied, with the concurrence of all the judges.