HENRY RHORER, TRUSTEE, ET AL., Defendants in Error, v. J. W. BROCKHAGE ET AL., Plaintiffs in Error.

January 2, 1884.

1. PARTITION — FINAL JUDGMENT — APPEALS. — In partition proceedings the order of partition and sale is not a final judgment from which an appeal will lie.

2. —— PRACTICE — NEW TRIAL. — In such a case where a motion for a new trial is duly made after the order of partition and sale, it is unnecessary, in order to save exceptions made at the trial, to renew the motion after the order confirming the sale is made.

3. —— WIDOW — HOMESTEAD. — That a widow resides, with her minor son, on property at the time of a proceeding in partition is not evidence that the property is a homestead.

4. —— The widow's removal from the land occupied by her husband at the time of his death, does not destroy the homestead right of a minor child, nor vest him with a homestead right in property to which he may be removed.

5. —— Partition may be had before the decedent's estate is settled if there is other property sufficient to pay his debts.

6. —— PLEADINGS — HUSBAND AND WIFE. — An allegation that the widow had elected to take a child's share in the estate is good after judgment though it further appear that she was married at the time and it is not alleged that her husband joined in the declaration of election.

7. —— An objection that there was no sufficient evidence that the property was insusceptible of division in kind can not be made for the first time on appeal.

8 PRACTICE — OBJECTIONS MUST BE SPECIFIC. — Appellate courts will not consider objections to evidence which were not specifically made at the the trial.

9. MOTIONS — ARREST — NEW TRIAL. — Motions for a new trial and in arrest of judgment must be made in four days after the trial, — not four days after final judgment.

ERROR to the St. Louis Circuit Court, BOYLE, J. *Affirmed.*

W. H. H. RUSSELL, for the plaintiffs in error; W. C. MARSHALL, of counsel.

GEO. M. FORSTER and A. MOORE BERRY, for the defendants in error.

THOMPSON, J., delivered the opinion of the court.

A writ of error is prosecuted to reverse a judgment of the circuit court, directing that certain real estate be sold for partition, confirming the sheriff's sale of the same, and ordering a distribution of the proceeds.

I. The first question which we shall consider is raised by the defendants in error, and concerns the state of the record. One of the defendants, John William Brockhage, a minor, appeared, and defended by a guardian *ad litem*, and contested the right of the plaintiffs to have partition of the land in controversy, chiefly on the ground that he had a minor's right of homestead therein. A trial of the issues raised by his answer and the reply which was made thereto, was had at the March term, 1881, of the circuit court. At the close of this trial, the court entered a decree declaring the rights of the parties in the land in controversy; finding

that the same could not be partitioned in kind without
great prejudice to the owners ; and ordering a sale for par-
tition.   Within four days after the rendition of this decree,
motions for new trial and in arrest of judgment were regu-
larly filed, heard, and overruled.   At the following term a
bill of exceptions was signed, the same relating wholly to
the rulings which had taken place at the trial, and also to
the overruling of the motions for new trial and in arrest
of judgment.   At the same term, namely, the April term,
1881, as appears from the clerk's entries in the transcript,
but not from any further bill of exceptions, the sheriff made
a report of the sale, which was confirmed.   Then, at the
same term, the report of the sale and the order confirming
the same were set aside, on the ground that the sheriff had
omitted in such report to state the name of the purchaser.
The sheriff was allowed to file an amended report, *nunc pro
tunc*.   This was afterwards filed, and, at the same term,
was confirmed.   Then followed clerk's entries in the tran-
script of the filing of a motion to set aside such confirma-
tion ; of the motion itself ; of a general order of continuance
of all demurrers and motions undisposed of ; and of an
order overruling this motion to set aside the confirmation.
All these motions, orders, and other entries, it must be re-
membered, including the final judgment of the court order-
ing distribution, are merely copied into the transcript by
the clerk, subsequent to the bill of exceptions which had
been previously taken to the rulings at the trial, which re-
sulted in the decree ordering sale for partition, and the
overruling of the motions for new trial and in arrest, as
already stated.

    In this state of record, the question is, whether the de-
fendant, by failing to take a second bill of exceptions, has
lost the benefit of his first bill.   It is settled in this state
that, under the present law relating to partition, the final
judgment from which alone an appeal or writ of error can
be prosecuted, is the judgment confirming the sale and

ordering distribution. The judgment directing the sale is interlocutory merely. *Murray* v. *Yates*, 73 Mo. 13. It is also settled by numerous decisions of the supreme court and of this court, that, with the exception of what was at common law regarded as the record proper, nothing can be noticed on appeal or writ of error, unless it is made a part of the record by a bill of exceptions. *Bevin* v. *Powell*, 11 Mo. App. 216. Under this rule, as interpreted by a majority of the court in *Holt* v. *Simmons* (14 Mo. App. 450), it is perfectly clear that not one of the entries which appear in the transcript subsequent to the judge's signature to the bill of exceptions, can be considered a part of the record, except the entry of final judgment confirming the sale for partition, and ordering distribution of the proceeds. It is also a settled rule of practice in this state, that, in order to save his bill of exceptions so that it can be considered by the court on appeal or writ of error, the appellant or plaintiff in error must have filed his motion for a new trial, or his motion in arrest of judgment (according to the nature of the exceptions taken), within four days after the trial.

Now, the contention is that the bill of exceptions can not be considered at all, because no motion for new trial was made after final judgment. This position is not well taken. The statute provides that all motions for new trials and in arrest of judgment shall be made within four days after the trial, if the term shall so long continue ; and, if not, then before the end of the term. Rev. Stats., sect. 3707. The statute does not provide that motions for new trial and in arrest of judgment shall be made within four days after final judgment. Such a rule is not to be adopted by construction in the case of proceedings like partition suits, where there are two judgments, the one interlocutory and the other final. It would not only be against the language of the statute itself, but it would defeat its policy ; which is that the error, if any, which the court has committed at

the trial of a cause, shall be brought to the attention of the court while the matter is fresh in the breast of the judge. It would not only be in disregard of the terms of the statute and contrary to its policy, but entirely unreasonable as a rule of practice, that the objecting party, instead of filing his motions for a new trial and in arrest of judgment, should wait until the report of the sale, or of the commissioners, has come in at a subsequent term of the court, and then file his motion for new trial and in arrest of judgment. This would be in conflict with that provision of the statute which requires such motions to be filed at the term at which the trial has taken place.

The question then is, whether the defendant lost the benefit of his exceptions taken at the trial, and taken to the overruling of his motions for new trial and in arrest of judgment, because he did not do the vain and useless thing of filing other motions for new trial and in arrest of judgment within four days after the rendition of final judgment confirming the sale and awarding distribution of the proceeds. We do not think that the law requires a party to do such a vain and foolish thing, in order to save a substantial right. If, upon the coming in of the report of the sale, the rendition of the judgment confirming the same, or the making by the court of any other order subsequent to the interlocutory decree for partition or sale, an objecting party desires to save exceptions, he may do so by taking another bill of exceptions. As that was not done in this case, the only matters of exception which we can notice are those contained in the bill of exceptions relating to the trial and the interlocutory decree ; and these we shall proceed to consider.

II. There is nothing in the point that before the trial the plaintiffs were allowed voluntarily to dismiss as to Donovan and Foley, the one the trustee and the other the *cestui que trust* in a deed of trust which had been given by Mrs. Alvord upon the property in controversy. No exception

was saved to this ruling, and for aught that may be seen, the deed of trust given to the parties may have been invalid, or, if valid, satisfied before the dismissal.

III. It is next objected that the court erred in admitting in evidence the inventory of the estate of John Brockhage, deceased, by Mildred Brockhage, his administratrix, and also the affidavit of the administratrix thereto, and her final settlement of the estate. This objection must be overruled, because this evidence was not objected to on any specific ground at the trial. The record simply states that these matters of evidence were "objected to by defendant, objection overruled, and exceptions taken." It is well settled that, in order to save objections to evidence so that the same can be noticed on appeal or writ of error, the specific ground of exception must be brought to the attention of the circuit court at the time. *Primm* v. *Raboteau*, 56 Mo. 407; *Margrave* v. *Ausmuss*, 51 Mo. 561.

IV. It is urged that the judgment is erroneous on its face, because it adjudged that the plaintiff, as successor to the widow, was entitled to an undivided half interest in the land in fee; that, the same being a homestead, the widow was only entitled to live on it during her life. There is nothing in this objection, because there was no evidence in the record from which the court could have found that the property in controversy was the homestead of the widow of John Brockhage and of his minor son, John William Brockhage, this plaintiff in error. The evidence shows that Brockhage did not live upon this tract of land at the time of his death, but that he lived on another tract. We may add, not because our decision turns upon it, because it is a fact not shown by this record, that, in another proceeding between these parties for the partition of another tract of land, on which John Brockhage did live at the time of his death (13 Mo. App. 397), this same defence of homestead was set up by this same minor, and we held it a good defence, and that there could be no partition of that tract

because it was the homestead of this minor. We suppose he can not have two homesteads; and, as we held there, so we hold here, that the circumstance that his mother had removed from that tract after the death of his father, to this tract, did not destroy his right of homestead in that tract, or create by exchange or substitution, a new right of homestead in this.

V. Four grounds are urged as reasons why the judgment should have been arrested: —

1. " Because it is apparent from the petition that Donovan and Foley had an interest to be affected by the proceedings, and that they were not parties to the action, the suit having been dismissed as to them." We have already sufficiently answered this objection. The dismissal cured any allegation as to the interest of these parties, being an abandonment or waiver of that much of the petition.

2. " Because it is nowhere stated in the petition that a final settlement of the estate of John Brockhage had been made, and until that time no partition is allowed by law." There is nothing in this objection. It is not necessary, in order to a partition of particular lands of a decedent, that there should have been a final settlement of his estate, where there is sufficient other personal property or land to pay his debts. It nowhere appears that such was not the case here; and though the judge is to be satisfied that there is sufficient other property to pay all claims and demands against the estate, in order that the order of distribution should take effect (Rev. Stats., sect. 3350), yet we know of no rule which requires the plaintiff to plead that such is the fact, in order to give the court jurisdiction to entertain the proceeding for such partition. In the case to which we are referred on this point (*Tuppery* v. *Hertung*, 46 Mo. 135), this fact was set up in the answer, and was not controverted, and it was held that there could be no partition, even if the parties should so stipulate. But, in this case, without any objection for variance, or without any other

specific objection made by this appellant, evidence was introduced by the plaintiff showing that the estate of John Brockhage had been finally settled; so that this objection, if it were good if made at the trial, comes too late on error or on a motion in arrest.

3. "Because the petition prayed a cancellation of the Donovan deed, and partition of the land, which, it is urged, could not be combined in the same action, much less in the same count of the petition." This objection, though it might have been good on demurrer, was cured by dismissing the suit as to Donovan and Foley.

4. "Because the election to take a child's share was not made until after the re-marriage of the widow, and it was not alleged that, in executing the written document expressing an election, the second husband joined her, and, being a married woman, she was incapable in law of making this declaration (or whatever may be its proper name), whereby the title to real estate was to be affected, without her husband joining her." The petition, so far as it relates to this objection, reads as follows: "That subsequently, on or about the 31st day of January, 1876, the said Mildred Brockhage elected to be endowed absolutely in a share of said parcels and tracts of land equal to the share of a child; that on or about the 17th day of November, 1875, the said Mildred Brockhage was united in the bonds of matrimony to Charles S. Alvord, who is now her husband." We know of no rule of pleading under which it can be held that such an averment in the petition is not good after judgment. If it is not averred that Alvord, the second husband of Mildred Brockhage did not join her in such an election, the contrary is not averred; and, assuming that it was necessary for her second husband to join her in making the election we know of no rule of pleading which requires this fact to be alleged in a petition for partition, in order that the petition should be good on a motion in arrest of judgment.

VI. The argument that the motion for new trial should have been sustained is based upon the idea that this was homestead property of the widow and minor, which we have already connsidered.

VII. The only question in this case which has given us any difficulty is a point made under the defendant's third assignment of error, that the judgment is erroneous on its face. The interlocutory decree ordering the sale for partition recites that, "from the nature and amount of the property sought. to be divided, and the number of owners interested therein, it is apparent to the court that partition in kind can not be made of said real estate without great prejudice to the owners." The statute provides that "if, in any case, from the nature and amount of the property sought to be divided, and the number of owners, it shall be apparent to the court that the assignment of dower, if any, and partition thereof in kind, can not be made without great prejudice to the owners, an order of sale may be made without the appointment of commissioners." Rev. Stats., sect. 3392. We take it that, in order to justify a sale for partition under this section, there must be some evidence tending to show that it can not be apportioned in kind to the co-tenants, without great prejudice to them. Not a particle of evidence was offered at the trial, by either party, the object of which was to show whether there could be a partition in kind, or whether there ought to be a sale for partition. The only material from which the court could have drawn a conclusion that a partition in kind could not be made without great prejudice to the owners, was that the parcel of ground of which partition was sought was but 55 feet in width by 121 feet in depth; that it had a dwelling house thereon, in which a family resided, but of the character and size of which neither the pleadings nor the evidence affords any description ; and that partition was sought between two co-tenants. It must be conceded that these materials are very meager for the basis of a judgment

that there could not be a partition in kind without great prejudice to the owners, and directing a sale to take place for cash.   If the want of evidence on this point has been brought to the attention of the court in the defendant's motion for a new trial, we should regard it as a point that would have to be carefully considered.   But a new trial was not asked for upon this ground.   It was, indeed, assigned as a ground of new trial that "the court erred in its judgment," but an assignment of such a general character really means nothing.   It does not serve, in any way, the office of a motion for a new trial, which is to direct the mind of the Court to specific errors committed on the trial.   We therefore conclude that, in the state of the record, we can not consider this objection.

The judgment of the circuit court is affirmed.   All the judges concur.