MARTHA W. WARREN ET AL., Defendants in Error, v. ELMA M. WILLIAMS ET AL.; MARIA E. GREEN, Plaintiff in Error.

**St. Louis Court of Appeals, February 23, 1887.**

1. DOWER—SEIZIN.—Actual corporeal seizin, or the husband's right, during coverture, to make such seizin, is essential to entitle the widow to dower.

2. —— REMAINDER IN FEE.—A widow whose husband, being entitled to a remainder in fee after a life estate, dies during the life of the tenant for life, is not entitled to dower in the lands or their proceeds, after the termination of the life estate.

3. PRACTICE—PARTITION—AMENDMENTS OF DECREE.—The trial court may amend an interlocutory decree in partition at any time before final decree.

APPEAL from the Cape Girardeau Court of Common Pleas, ROBERT L. WILSON, Judge.

*Affirmed.*

SAM. M. GREEN, for the plaintiff in error: The common law respecting dower proper, and its incidents, has been changed in this state, and is repugnant and inconsistent with the statute law. Rev. Stat., sects. 2186, 3117; Kelley's Probate, 351; *Bryant v. McCune*, 48 Mo. 548. The life estate of the widow of William Williams, and the fee-simple title of his children to his real estate, vested immediately at his death. Rev. Stat., sect. 4003; *Wommack v. Whitmore*, 58 Mo. 448. That was sufficient to create the inchoate right of dower in the plaintiff in error which became consummate at the death of Thomas J. Williams. There was no exercise of acts of ownership, nor absolutely any ownership in Louisa L. Williams. *Bryant v. Christian*, 68 Mo. 98. There may be seizin in deed without entry. 4 Mass. 546; 7 Mass. 494; 15 Mass. 546.

**R. H.** WHITELAW and FRANK E. BURROUGH, for the defendants in error: Dower does not attach to an estate in remainder or reversion. 1 Bishop on Married Women, sects. 273, 4, 5, 6, 7, and cases in note 5, p. 181 *et seq.;* 1 Washburn on Real Prop. 154, and cases cited in notes; 4 Kent's Commentaries, * 30–40. The word seizin, as used in reference to dower, means the common law rule of the right to immediate enjoyment. It is there used in its ancient common law sense. 1 Bishop on Married Women, sect. 250, p. 167.

THOMPSON, J., delivered the opinion of the court.

This was a proceeding for partition among the heirs of William Williams, deceased. The sole question which arises on the record is, whether Maria E. Green is entitled to a portion of the proceeds of the sale for partition, in lieu of a dower interest in the lands, as widow of Thomas J. Williams, son of William Williams. William Williams devised his estate to his widow for life, the remainder to his children, and thereafter died. Before the death of his widow, his son, Thomas J. Williams, died, leaving a widow, Maria E. Williams, who subsequently inter-married with Samuel N. Green. After the death of Thomas J. Williams, the widow of William Williams died, and thereupon this proceeding for partition was brought by the heirs of William Williams.

The court made an interlocutory decree, settling the interests of the parties, in which Maria E. Green was adjudged entitled to a dower interest, as the widow of Thomas J. Williams, and ordered sale for partition. After the coming in of the sheriff's report of the sale, and at a subsequent term of the court, the court made a reformed decree, distributing the proceeds, which excluded the right of Maria E. Green to a dower interest, as widow of Thomas J. Williams. Exceptions were duly saved to so much of this decree as denied the dower

interest of Mrs. Green, and she has brought the question by writ of error to this court.

I.  It is plain that Mrs. Green has no interest, by way of dower, in the fund for distribution.  By the common law the widow was dowable only in lands of which her husband was seized of an estate of inheritance during the coverture.  Our statute has not changed, but has confirmed, this rule of the common law.  Rev. Stat., sect. 2186.  The word "seizin," as used in our statute, implies either actual possession or the right of immediate possession in the deceased husband during the coverture.  "There is no doubt," said Napton, J., "that an actual corporeal *seizin*, or a right to make such *seizin* in the husband, during the coverture, is essential to entitle the widow to dower."  *Gentry v. Woodson*, 10 Mo. 224.  A remainder-man has no such possession, and, consequently, if he dies before the termination of the intermediate estate, without having been in possession before its commencement, his widow will not be entitled to dower.  This is elementary doctrine, and it is not necessary to enlarge upon it.

II.  A point is made in the printed argument of the plaintiff in error, that the final decree is void *ab initio*, for the reason that one of the parties to the suit, Eliza W. Williams, was not present when the decree was rendered.  The record of the final decree recites, "Now come the parties herein, by their attorneys, excepting Eliza W. Williams," etc.  Aside from the fact that this point was not made in the court below, and is inconsistent with the whole theory of this appeal, there is nothing in it.  Mrs. Williams and her husband were parties plaintiff to the original suit, and were, in contemplation of law, before the court until the suit was finally determined.  It is immaterial whether she was in fact present, in person or by counsel, during the proceedings which resulted in the final decree.  She was at liberty to be in court, or to stay out; and whatever may

have been her choice, as she was a party to the suit, the decree was binding upon her. The original decree, which preceded the sale, was interlocutory merely. It did not exhaust the jurisdiction of the court; no party could appeal from it (*Rhorer v. Brockhage*, 15 Mo. App. 16); the whole matter was within the power of the court until the passing of the final decree and the close of the term at which it was passed; and it was entirely proper for the court, in its final decree, to correct any error in settling the rights of the parties; which it had made in its interlocutory decree.

The judgment will be affirmed. It is so ordered. All the judges concur.