F. G. CROWELL, Respondent, v. DAISY METTA, Appellant.

In the Kansas City Court of Appeals, June 11, 1923.

1. **APPEAL AND ERROR: Bill of Exceptions: Where Abstract of Record Contained no Bill of Exceptions, Matters of Exception Printed in Connection with Record Proper Cannot be Considered on Appeal.** Where abstract of record contained no bill of exceptions, matters occurring at the trial, which were matters of exception, though printed in connection with record proper, cannot be considered.

2. **————: ————: Proceeding Held Matters of Exception and Not Reviewable Unless Preserved in the Bill of Exceptions.** The motion for reference, motions to set aside the order appointing the referee, rulings of the court thereon and exceptions thereto, abandoned pleadings, testimony heard by trial court, exceptions to report of referee and rulings thereon, motion for new trial, and the stipula-

tion waiving the provision of the statute (section 1441, R. S. 1919), requiring the referee to return to the court the testimony taken, were all matters of exception, and it is well settled· that such matters must be preserved in the bill of exceptions.

3. ———: Constitutional Question: General Reference to Constitutional Rights, Contained in Affidavit for Appeal, Held Insufficient to Raise Constitutional Question. An affidavit for appeal to Supreme Court which recited that defendant had been deprived of her constitutional rights of a trial by jury, *held* such a general reference to constitutional rights as not sufficient to raise a constitutional point even had it been raised in time.

4. ———: Bill of Exceptions: Referee: Where There is no Bill of Exceptions, Appellant not in a Position to Raise Question as to Whether Reference was Proper. Where there is no bill of exceptions, defendant is not in a position to raise the question as to whether the case was one in which the appointment of a referee was proper.

5. REFEREE: ·Judgment: Trial Court not Required to Render ·Judgment Recommended by Referee. The trial court is not required to render judgment as recommended by the referee, but may disregard the report entirely or adopt such parts as it seems to him to be right, or modify it and adopt it with corrections.

6. APPEAL AND ERROR: Bill of Exceptions: Objections to Report of Referee Cannot be Considered Where the Same Were Not Contained in the Bill of Exceptions. Even though parties, by stipulation, waived the right to have finding of facts reviewed by trial court and the requirement that referee return to court testimony taken as provided by section 1441, Revised Statutes 1919, the stipulation cannot be noticed unless it appears in the bill of exceptions, and there being no bill of exceptions, the same could not be considered on appeal.

Appeal from the Circuit Court of Jackson County.—*Hon. E. E. Porterfield,* Judge.

AFFIRMED.

*Haff, Meservey, German & Michaels* for respondent.

*Noyes & Heath* for appellant.

Crowell v. Metta.

BLAND, J.—This is an action at law to recover the sum of $721 from defendant, plaintiff's tenant, for rent of a hotel building in Kansas City, Missouri. Defendant's answer consists of a general denial and a counterclaim praying for damages in the sum of $2485. The counterclaim specifies nineteen items of damage alleged to have been caused by the condition of the premises rented. Plaintiff's reply was a general denial. The cause was referred to Hon. M. M. Bogie, of the Jackson County Bar, whose report recommended that judgment be rendered in favor of the defendant in the sum of $115 as the amount defendant was entitled to recover after deducting the sum of $267, the amount of plaintiff's rent found to be due. The judgment of the court recites that plaintiff's exceptions to the referee's report were sustained and that the report of the referee was modified and after setting off the amount of damages the court found that defendant had sustained against the rents found to be due, he rendered judgment in favor of plaintiff in the sum of $285 and the defendant has appealed.

The following assignments of error are made by the appellant:

"1.   Defendant was entitled to an appeal to the Supreme Court on her constitutional right to a jury trial.

"2.   This was not a proper case for reference to a referee.

"3.   The trial court erred in refusing to render judgment as recommended by the referee."

Passing upon these points, it is necessary for us to refer to the abstract of the record filed by the appellant. Upon examination of this document we find that it contains no bill of exceptions. While what purports to be a number of matters occurring at the trial are printed in connection with the record proper, these matters were matters of exception, and there being no bill of exceptions they cannot be considered by us. The matters alluded to, among others, are the following: The motion

for reference; the motions to set aside the order appointing the referee, the rulings of the court thereon and exceptions to the ruling; the abandoned pleadings in the case; what purports to be the testimony heard by the trial court; plaintiff and defendant's exceptions to the report of the referee, the rulings thereon by the court and exceptions taken to such rulings; defendant's motion for a new trial; and the stipulation waiving the provision of the statute (section 1441, R. S. 1919), requiring the referee to return to the court the testimony taken. The foregoing matters are matters of exception and it is well settled that such matters must be preserved in the bill of exceptions. [Turley v. Barnes, 131 Mo. 548; Tuppery v. Hertung, 46 Mo. 135; Tower v. Moore, 52 Mo. 118; Hays v. Foos, 223 Mo. 421; Smith v. Baer, 166 Mo. 392; Dean v. Wabash Rd. Co., 229 Mo. 425, 439; State ex rel. v. People's Ice Co., 246 Mo. 168; Kline Cloak & Suit Co. v. Morris, 240 S. W. 96; Harding v. Bedoll, 202 Mo. 625.]

We, therefore, have before us only the record proper which consists of the amended petition, the answer and counterclaim and the reply, the court's order directing a reference, the referee's report, the judgment of the court and the affidavit for an appeal. In none of these do we find any attempt to raise a constitutional point except in the affidavit for an appeal, which reads as follows:

"Now on this day comes defendant and moves the court to allow her an appeal in this cause to the Supreme Court of Missouri, for the reason defendant has been deprived of her constitutional rights of a trial of this case by a jury."

Of course, this general reference to constitutional rights is not sufficient to raise a constitutional point even had it been raised in time. [Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685.]

There being no bill of exceptions, defendant is not in a position to raise the question as to whether the case

was one for proper reference. [Smith v. Baer, supra; State ex rel. v. People's Ice Co., supra; Kline Cloak & Suit Co. v. Morris, supra.]

As to the third assignment of error, it is well settled that the trial court is not required to render judgment as recommended by the referee. He may disregard the report entirely or adopt such parts as it seems to him to be right, or modify it and adopt it with corrections. [Smith v. Paris, 70 Mo. 615, 621; Mack v. Wurmser, 135 Mo. 58; Steffen v. City of St. Louis, 135 Mo. 44; Bender v. Matney, 122 Mo. 244; O'Neill v. Capelle, 62 Mo. 202.] It is true that section 1441 requires the referee to return to the court the testimony taken. The report of the referee appears in appellant's abstract of the record but there is nothing in the abstract that we can take note of to show that the testimony was not filed in the trial court. From all that the record proper shows, it was so filed. Defendant urges that there was no proper report made by the referee on account of the fact that such testimony was not returned to the court and says that she does not wish to rely upon the point on account of the fact that there was a stipulation, signed by her, that it need not be returned. However, it is insisted that the stipulation shows that both parties waived the right to have the finding of facts reviewed by the trial court. As before stated, we cannot notice the stipulation unless it appears in the bill of exceptions and there is no bill of exceptions in the case. Looking to the report of the referee, we find that it is regular in form and not open to attack.

Finding no error in the record proper, the judgment is affirmed. All concur.