## LANE v. DOWD, Appellant.

### Division Two, February 24, 1903.

1. **Practice:** JOINING INCONSISTENT ACTIONS: DEMURRER. If the petition contains two causes of action that are of such character that they can not legally be joined in one petition, demurrer is the proper pleading to reach the irregularity.

2. ———: ———: EJECTMENT AND QUIETING TITLE: SUBJECT-MATTER. Plaintiff can join in the same petition by separate counts, an action of ejectment, and an action to ascertain and determine plaintiff's title in the same real estate. The purpose of both is to determine the title, even though ejectment is also a possessory action, and besides, the subject-matter of both being the land, the case comes clearly within the meaning of the statute.

3. ———: OVERRULING DEMURRER: JUDGMENT BY DEFAULT. Defendant filed demurrer to plaintiff's petition, alleging it had united two antagonistic causes and this was overruled. The next record entry was a month later, when it appears that judgment was entered by default. *Held,* first, that the silence of the record must be construed as a refusal by defendant to plead further; second, the form of the judgment is somewhat irregular, but the fact that it was not a formal judgment on the demurrer does not so affect defendant's right as to justify a reversal.

4. ———: JUDGMENT WITHOUT EVIDENCE: RECITAL IN RECORD. Where appellant has failed to preserve the evidence by bill of exceptions and the judgment recites that the cause was "submitted to the court upon the pleading and proof adduced," the judgment will not be disturbed in response to an assignment "that the record does not disclose any evidence to support the judgment."

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Crites & Garrison* for appellant.

(1) The original petition being an action in ejectment, demanded the recovery of real estate with damages, rents and profits, and in that case the right to the possession of the real estate would be the sole issue;

the amendment, being another kind of action, raises an issue of title solely, independent of any right of possession of the real estate. Two causes of action, different in character, which under the civil code of our State could not be legally joined, were so joined in this petition, and the demurrer filed herein for that reason should have been sustained. A demurrer is the proper remedy, where causes of action belonging to different classes of code actions are improperly united in the same petition or complaint. Otis v. Bank, 35 Mo. 598; Brown v. Railroad, 20 Mo. App. 427; Fadley v. Smith, 23 Mo. App. 87; Wilson v. Railroad, 67 Mo. App. 433; R. S. 1899, sec. 598; Stalcup v. Garner, 26 Mo. 72; Ederlin v. Judge, 36 Mo. 350; Boyce v. Christy, 47 Mo. 70; Mullholland v. Rapp, 50 Mo. 42; Scott v. Robards, 67 Mo. 289; Anderson v. McPike, 41 Mo. App. 443; Sinclair v. Railroad, 70 Mo. App. 588; Bricker v. Railroad, 83 Mo. 391. (2) The court did not have authority to enter up its judgment by default against defendant on demurrer. A default judgment could not be rendered in a case of this character, on the mere face of the pleading.

*Thomas M. & Cyrus H. Jones* for respondent.

(1) The plaintiff had the right to amend his petition before answer filed by adding the second count in said petition to quiet title. Morrison v. Herrington, 120 Mo. 665. Section 661, Revised Statutes 1899, which is section 2102, Revised Statutes 1889, expressly provides for amendments. There was no error in plaintiff's amending his petition by adding a second count thereto. Morrison v. Herrington, supra; Carr v. Moss, 87 Mo. 447. Nor are the two counts incongruous or inconsistent, because they are connected with the same subject of action. R. S. 1899, sec. 593. This suit affects the title to real estate. The count in ejectment seeks the recovery of the real estate described therein. The second count is to perfect and quiet and have de-

clared vested title in plaintiff to said real estate which requires the same proof, so that the assertion that the two counts are inconsistent is without any foundation whatever. By the count in ejectment, plaintiff sought to recover his real estate alleged to be in the possession of defendant. It was necessary, in order for plaintiff to do this, that he should recover on the strength of his title. He must show a chain of title to the real estate stronger than defendant's title. Seimers v. Schrader, 88 Mo. 20; Marvin v. Elliott, 99 Mo. 616; Mather v. Walsh, 107 Mo. 121; Wickerson v. Eilers, 114 Mo. 245; West v. Bretelle, 115 Mo. 653; Harwood v. Tracy, 118 Mo. 631; Muhlerin v. Simpson, 124 Mo. 610. It devolved upon him to introduce evidence to show that he had the title which warranted and gave to him the right of possession. In other words, he was required to show in himself the legal title and that he was the possessor of the legal title. Robins v. Eickles, 36 Mo. 494; Beale v. Harman, 38 Mo. 435; Foster v. Evans, 51 Mo. 39. (2) The second point made by the appellant is likewise without merit and hardly needs more than a passing notice. The appellant here does not contend that permission to answer was refused him by the trial court. He makes no contention that he did not have time for answering in the cause and as a matter of fact, while it is not expressly stated in the judgment, yet it does appear from this record that on the overruling of appellant's demurrer he refused to plead further. He comes now into the appellate court simply with the bare contention that a judgment by default can not be rendered against a defendant after a demurrer filed has been overruled. This contention is without merit. Scott v. Railroad, 38 Mo. App. 529; Summerlin v. Dowdle, 24 Ala. 428; Carver v. Williams, 10 Ind. 267; Knetzer v. Bradstreet, 3 G. Greene 487; Freeman on Judgments (4 Ed.), sec. 537, p. 930; Cantanich v. Hayes, 57 Cal. 338; Mullanphy v. Phillipson, 1 Mo. 188.

FOX, J.—This was an action in ejectment. Judgment was rendered in the trial court for the respondent;

from this judgment, this appeal is prosecuted. The original petition in this cause was filed on February 8, 1899. As the only question involved in this controversy is in respect to the pleadings, we here insert them. Omitting the caption of the original petition, it is as follows, to-wit:

"Plaintiff for cause of action states, that on the 1st day of October, 1898, he was the owner and entitled to the possession of the following described real estate, situate, lying and being in the county of Phelps, Missouri, to-wit: the southwest quarter, east half of lot one northwest quarter, west half of lot one northeast quarter, and west half of southeast quarter of section five, and the southeast quarter and south half of southwest quarter of section six, all in township thirty-five, range eight west of the fifth principal meridian, and being so entitled to the possession thereof, the defendant on the 2d day of October, entered into the premises aforesaid, and unlawfully withholds the possession thereof from this plaintiff, to his damage in the sum of two hundred dollars. Plaintiff further states that the monthly value of the rents and profits of said premises is ten dollars. Wherefore plaintiff prays judgment against the defendant for the possession of said premises and two hundred dollars damage for the unlawful withholding of the possession of the said premises by said defendant from plaintiff and ten dollars per month from the rendition of judgment until possession is restored to plaintiff and for all costs."

On said petition summons was issued by the clerk of the circuit court and placed in the hands of the sheriff of Phelps county, who made return thereon as follows:

"Executed the within writ in the county of Phelps and State of Missouri, on the 13th day of February, 1899, by delivering to F. E. Dowd, a copy of the writ, together with the petition and summons."

On March 29, 1899, plaintiff filed in the circuit court of Phelps county, during its session, the following amended petition, to-wit:

"Plaintiff for amended petition states that on the

1st day of October, 1898, he was the owner and entitled to the possession of the following described real estate, situated, lying and being in the county of Phelps, Missouri, to-wit: the southwest quarter, east half of lot one northwest quarter, west half of lot one northeast quarter and west half of southeast quarter of section five, and the southeast quarter and south half of southwest quarter of section six, all in township thirty-five, range eight west of the fifth principal meridian, and being so entitled to the possession thereof the defendant on October 2d entered upon the premises aforesaid and unlawfully withholds the possession thereof from this plaintiff, to his damage in the sum of two hundred dollars. Plaintiff further states that the value of the monthly rents and profits of said premises is ten dollars. Wherefore plaintiff prays judgment against defendant for the possession of said premises and two hundred dollars damage for the unlawful withholding of possession of said premises by said defendant from plaintiff and ten dollars per month from the rendition of judgment until possession is restored to plaintiff.

"Second. Plaintiff for another cause of action states that he is the owner of the following described real estate, situate, lying and being in the county of Phelps, State of Missouri, to-wit: the southwest quarter, east half of lot one northwest quarter, west half of lot one northeast quarter and west half southeast quarter of section five and southeast quarter and south half of southwest quarter of section six, all in township thirty-five range eight west of the fifth principal meridian. Plaintiff further states that the defendant is claiming title to said real estate as aforesaid, and is claiming an estate in said property. Wherefore plaintiff prays the court to ascertain, determine and adjudge plaintiff's title and interest in said real estate and adjudge the plaintiff title thereto and for all proper relief."

Afterwards on September 18, 1899, being the first day of the regular September term of the circuit court of Phelps county, the defendant filed in this cause the following demurrer, to-wit:

''Now comes the defendant and demurs to the plaintiff's amended petition, because the second count since the filing of the original petition has been misjoined and improperly united therewith in this: The original petition is an action of ejectment for the recovery of real property, with damages and rents and profits, in which the right of possession of real estate is the sole issue, and the second count in the amended petition raises an issue of title solely, independent of any right of possession of the real estate described and belongs to a different class of actions.''

Said demurrer upon being taken up and argued was by the court overruled. Whereupon, on October 25, 1899, the court entered its judgment as follows, to-wit:

''Now at this day this cause coming on to be heard, the plaintiff appears by his counsel and announces ready for trial, but the defendant although duly summoned with process more than thirty days before the first day of this term of court, comes not, but makes default, whereupon on motion of plaintiff by his attorney, the petition herein is taken against the plaintiff as confessed; wherefore plaintiff by his attorney waives a jury and submits this cause to the court upon the pleadings and proof adduced and the court having duly heard and considered the same finds for plaintiff and assesses his damages one cent. It is therefore considered by the court that the plaintiff recover of defendant the possession of the lands in the petition described as follows, to-wit: the southwest quarter, west half of lot one northeast quarter, and west half of southeast quarter of section five and the southeast quarter and the south half of southwest quarter of section six, all in township thirty-five, range eight west of the fifth principal meridian, together with one cent for his damages and for all costs of plaintiff laid out and expended in this case, and the court doth further order that an execution issue to restore to the said plaintiff the possession of said lands and tenements aforesaid, and for his damage as afore-

·said, and for all costs in this behalf laid out and expended.''

Defendant filed his motion in arrest of judgment, which was by the court overruled, and this cause is brought here by appeal.

Appellant urges very earnestly:

First.  That the demurrer filed to the amended petition should have been sustained for the reason that it improperly joins two causes of action, of distinct classes.

Secondly.  That the judgment is erroneous because it purports to be a judgment by default, when it should have been a judgment upon the demurrer.

Thirdly.  It is insisted that the court rendered the judgment without any evidence being introduced to support it.

That the plaintiff had the right to file an amended petition is undisputed, in view of the provisions of section 661, Revised Statutes 1899, which substantially provides that the petition may be amended without cost at any time before the answer or reply is filed.  This section, of course, contemplates that the amendment is one that is authorized under the statute.  There is a long and unbroken line of decisions drawing the distinction as to the method of taking advantage of a defective petition.  If there are two causes of action that can be united in one petition, but are improperly joined in one count, this defect is reached by a motion before the trial is begun, to elect upon which cause of action the plaintiff will proceed.  If the petition contains two causes of action, that are of such character that they can not legally be joined in one action, then demurrer is the proper pleading to reach the irregularity.  This is what the cases cited by appellant hold, hence, as there is no dispute on that proposition, it is unnecessary to further refer to those cases.

There is no question but what the appellant filed the appropriate pleading to reach the defect, if one, in fact, existed, but the vital point upon the first conten-

tion is, are the two causes of action united in separate counts in the same petition of such character that under the law they can not be united in the same petition? Section 593, Revised Statutes 1899, under its first subdivision, in treating of the nature of the causes of action that may be united provides that "the plaintiff may unite in the same petition several causes of action, whether they be such as have been heretofore denominated legal or equitable or both, where they all arise out of: First, the same transaction or transactions connected with the same subject of action." It will be observed that the causes of action under this provision need not necessarily arise out of the same transaction, but a different transaction, if connected with the same subject of the action, would fall within the provision of this section of the statute. The obvious purpose of the code in making this provision was to avoid multiplicity of suits, where the same parties and subject-matter were to be dealt with.

Let us apply this statute to the case before us. The amended petition in the first count is an ordinary action, in usual form, in ejectment; the second count in the petition is a cause of action based upon section 650, Revised Statutes 1899, alleging substantially that the plaintiff is the owner of the land in dispute and that the defendant makes some claim to it, and praying the court to ascertain the title and declare it in its decree. The same party defendant and the same subject-matter are before the court. Both of these actions are statutory. We see no legal reason why they can not be united in the same petition. While there is a legal fiction that ejectment is a possessory action, yet we know in reality that in every ejectment suit, we try title. The plaintiff must recover upon the strength of his legal title. But aside from that, the subject-matter of the action is *the land* and it is involved in both counts of the petition and the mere fact that one of the counts is a mere possessory action and the other involves the title, can not change the proper application of this statute. To say that plaintiff, where the same defendant was claiming the

land, must be first compelled to bring his suit for possession and then bring a separate suit under the Act of 1897, to declare his title, the same party and the same subject-matter being involved, would be requiring the plaintiff to do just what the statute contemplated remedying, and what the statute intended that he should not be required to do. The case of Morrison v. Herrington, 120 Mo. 665, is decisive of this question. In that case, the original petition was an ordinary action of ejectment. An amended petition was filed and an additional count was inserted in the petition, asking the court to cancel certain deeds to the land in controversy. This was a much greater departure from the original cause of action, than the case at bar. The causes of action were different classes, one at law, the other in equity, but under the broad provisions of our statute, the same defendant, the same subject-matter being dealt with, the court speaking through BLACK, J., very correctly held that they could be united. With these views, this point must be ruled against the appellant.

As to the second contention, plaintiff urges that the form of the judgment is erroneous and should be reversed. Upon this point of contention, we will say that the record discloses that the demurrer was overruled on September 23, 1899. The record is silent as to any further action of the court, until October 25, 1899, a month or more after the demurrer was overruled. No leave was taken to answer, and, in fact, no requests were made of the court upon its action overruling the demurrer. This silence must be construed as a refusal to plead further. It is not pretended in the complaints of appellant that he was denied any rights in this respect, but he insists that the judgment should have been technically in the form of a judgment upon demurrer. While it may be conceded for the purpose of this case that the form of the judgment is somewhat irregular; but does the judgment (if you want to so name it) by default affect the appellant in any way differently so far as the results are concerned, than would a formal judgment upon the demurrer? The defendant refused to

answer; in effect he was in default. The result of the judgment is the same, whether in the form as rendered or in the form contended for by appellant. The doctrine as to judgments was correctly announced in the cases of Trumbo v. Flournoy, 77 Mo. App. 324, and Farley Bros. v. Cammann, 43 Mo. App. 168, "that judgments are now tested by matters of substance rather than by the measure of any particular draft or form." The error in this contention complained of does not justify the reversal of this judgment.

This leads us to the last point of error insisted upon by the appellant, "that the record does not disclose any evidence to support the judgment." This case was never tried upon its merits; it was no part of the duty of the respondent to preserve in the bill of exceptions the evidence introduced. If the evidence was insufficient or no evidence at all offered, it was incumbent upon the appellant to preserve this error by proper bill of exceptions. The judgment in this cause does disclose that evidence was introduced; it recites as to the evidence, "Wherefore plaintiff by his attorney waives a jury and submits this cause to the court upon the pleadings and *proof* adduced and the court having duly heard and considered the same," then proceeds to render the other formal parts of the judgment:

It will be observed that this judgment recites the fact that "proof was adduced." This must be taken as conclusive that evidence was introduced and the contention upon this point is not well taken.

Finding no error in the action of the trial court, which warrants the disturbance of this judgment, it is ordered that the judgment be affirmed. All concur.