McCollum, Defendant in Error, v. Lougan's Administrator, Plaintiff in Error.

1. A defendant filed a demurrer to the petition in the suit against him; afterwards, while the demurrer was still pending, in vacation, and without leave previously granted, the plaintiff filed with the clerk of the court an amended petition. At the next term the defendant moved the court to strike out the amended petition; the court overruled the motion, and afterwards gave judgment by default against the defendant. *Held*, that the action of the court upon the motion to strike out the amended petition cured any irregularity in filing it with the clerk in vacation without leave first granted; that the filing of the amended petition having been thus sanctioned, the original petition was superseded, and the demurrer thereto impliedly sustained.

*Error to Jasper Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Kendrick & Grant*, for plaintiff in error.

I. There was no legal authority to file the amended answer with the clerk in vacation. The court ought to have sustained the motion to strike it out. The court ought not to have rendered a decree upon the amended petition, nor upon the original petition until the demurrer thereto had been disposed of.

*Johnson & Ballou*, for defendant in error.

I. The court by its action sustained the filing of the answer in vacation without previous leave. The defendant by making the motion to strike out waived the demurrer. He is estopped from making the objection here. (6 Mo. 174, 177, 321; 1 Mo. 534.) The judgment is for the right party. (1 Mo. 115; 6 Mo. 321.) The amended petition superseded the original petition, as well as the demurrer thereto.

Ewing, Judge, delivered the opinion of the court.

This was a proceeding, commenced in the county court, to compel the administrator of the estate of S. Lougan, deceased, to execute specifically a contract for the conveyance of

land.   After the petition was presented in the county court, the case was transferred to the circuit court, leave having been first given to file an amended petition.   In the circuit court, a demurrer was filed to the petition at the April term, 1858.   The plaintiff filed an amended petition with the clerk in vacation, and at the November term, 1858, following, the defendant filed his motion to strike out the amended petition.   The motion was overruled, and the defendant excepted; and no answer having been filed, plaintiff had a decree for the specific performance of the contract.   No motion was made to set aside the decree and grant a new hearing, nor in arrest of judgment.   The errors assigned are, that the filing the amended petition with the clerk was unauthorized, and that it should for that reason have been stricken out; and that no decree ought to have been entered upon the amended petition until the demurrer had been disposed of.

It may be conceded that the filing the petition with the clerk was irregular; but the subsequent action of the court upon it recognizing it as a pleading in the cause, and as taking the place of the original petition, was equivalent to granting formal leave to file it in term.   It may be considered as having been filed for the first time regularly at the November term, 1858, when a motion was made by the defendant to strike it out and overruled.   The action of the court in thus overruling the motion, although no previous leave had been given authorizing the amendment, cured any irregularity in filing it with the clerk without leave.

As it respects the second point, we think the amended petition superseded the original one to which the demurrer had been filed, and the amendment having been allowed pending the demurrer, the demurrer was thus impliedly sustained.   The amendment to the petition could not have been permitted without at the same time having in effect disposed of the demurrer.   Upon the whole case, we can see no such objections to the proceedings as require us to reverse it; and the other judges concurring, the judgment will be affirmed.