STATE ex rel. OLIVER HAST AUCTION COMPANY, Relator, v. HON. J. HUGO GRIMM, JUDGE, Respondent.

St. Louis Court of Appeals. Argued and Submitted June 29, 1917. Opinion Filed July 3, 1917.

1. **PLEADING: Right to File Amended Petition: Effect of Pendency of Demurrer.** Under section 1852, R. S. 1909, plaintiff has the right to file an amended petition at any time before an answer is filed, notwithstanding a demurrer thereto is pending.

2. ———: ———: **''Answer'' Defined.** The word "answer," as used in section 1759, R. S. 1909, providing that defendant must appear to answer the petition on the return day of the writ, refers to any form of pleading filed by defendant, but the word "answer," as used in section 1852, providing that a petition or answer may be amended, etc., means the answer to the petition and does not include any other kind of pleading.

3. ———: **Number of Answers and Replies.** Under the Code, when the pleadings are made up, there can be only one answer and one reply.

ON MOTION FOR REHEARING.

4. **PLEADING: Filing Amended Petition: Effect on Original Petition and Pending Demurrer.** The filing of an amended petition is an abandonment of the original petition, and a demurrer to it dies with it.

5. ———: ———: ———: **Statute Construed.** Section 1826, R. S. 1909, providing that if a third petition be filed and adjudged insufficient, or the whole or some part thereof be stricken out, the party filing such pleading shall pay treble costs, and no further petition, answer, or reply shall be filed, but judgment shall be rendered, is to be strictly construed, and applies only where a third pleading has been *adjudged* insufficient on demurrer or motion to strike out; and hence the filing of an amended petition while a demurrer to the original petition is pending cannot be reckoned against the plaintiff upon any future attempt by defendant to invoke the statute, since the abandonment of the original petition by the filing of the amended one is not an *adjudication* that the original one is insufficient.

Mandamus.    Original Proceeding.

PEREMPTORY WRIT ISSUED.

*Earl M. Pirkey* for relator.

*Elmer H. Grimm* for respondent.

REYNOLDS, P. J.—The Oliver Hast Auction Company, a corporation, brought its action against one Patrick Brown for damages said to have been sustained by it by reason of the acts of the defendant in making what are said to be "wilful, false and malicious accusations" against an employee of plaintiff and causing him to be imprisoned to the damage of plaintiff's business, as it is charged, $3000 being demanded for actual damages and $4500 for punitive damages. It appears that the defendant in that action interposed a demurrer, which, while pending for some time, had neither been argued, submitted, nor passed upon by the court; that during the April term, 1917, plaintiff in that action presented to the clerk of the court in which the action was pending, an amended petition and requested the clerk to file it, a copy of the proposed amended petition having been submitted to and service of it accepted by the attorney for the defendant. While, as set out in the petition for the writ of mandamus in this case, counsel for plaintiff, relator here, sets out that this demurrer was not well taken and should have been overruled, yet to expedite matters and to save time and expense, he preferred to file an amended petition, which he tendered to the clerk and asked him to file, this apparently in open court and in the presence of the judge. The judge, however, the Honorable J. HUGO GRIMM, respondent here, refused to permit this amended petition to be filed pending the disposition of the demurrer to the original petition, and acting under the order of the court, the clerk declined to file it, and the court refused leave to file it.

Setting out these facts, the relator obtained an alternative writ from one of the judges of our court in va-

cation, commanding the Honorable J. Hugo Grimm, as judge, to allow the amended petition to be filed or show cause why that should not be done.

To this alternative writ return was made by the circuit judge by counsel, in which return it is set up that the original petition in the case was filed on September 15, 1915, the cause returnable to the October term, 1915, of that court; that at that term the defendant was granted additional time to plead to the petition and that thereafter and at that term defendant filed a demurrer to the petition. The return further sets up that by paragraph 1, rule 3, of the Rules of Practice of the circuit court of the city of St. Louis, it is provided that "applications, demurrers, motions and other matters to be heard by the presiding judge, shall be entered on a motion docket and may be heard by him on any day except Sunday, but two days' notice shall be necessary to call up any such matters on application of counsel, unless a different time is fixed in a particular cause by the presiding judge." It is set up that under this rule, either the plaintiff or the defendant in the cause could have called up and submitted the demurrer upon two days' notice at any time after its filing on October 26, 1915, but that neither side at any time submitted the same to the court for its decision; that sometime in the latter part of April, or early in May, 1917, plaintiff, by its counsel, appeared in open court before the respondent and asked leave to file an amended petition in the cause. Respondent, as judge, inquired of counsel whether the original petition was under attack by motion or demurrer, to which that counsel replied that a demurrer was on file and pending against the original petition. Whereupon respondent, Judge Grimm, inquired of that counsel whether he wished to confess the demurrer, to which counsel replied in the negative. Thereupon respondent stated to counsel that he would not grant leave to file an amended petition while the demurrer to the original petition was pending and undisposed of; that plaintiff might confess the demurrer, induce the defendant to withdraw it, or might submit it then and there to the court and the court would pass on it within

twenty-four hours, but that counsel declined to confess the demurrer, refused to submit it and in substance said that he could not or would not have the defendant withdraw it. Whereupon the respondent, as judge, declined to grant leave to plaintiff, relator here, to file the amended petition. The return further sets up that at that time the respondent, as judge, knew nothing whatever respecting the character of plaintiff's petition or its allegations, nor did he examine the proposed amended petition but placed his ruling entirely upon the fact that the pendency of the demurrer to the original petition made it improper to file an amended petition; that some disposition must be made of the demurrer before an amended petition could be filed if the pleadings were to be carried on in an orderly way under the provisions of section 1826, Revised Statutes 1909, and were not to be nullified by the plaintiff at will. The respondent accompanies with his return a copy of the original petition, which was on file, and further sets out that his view of the law was and is, that where a plaintiff files an amended petition while a demurrer is still pending against his original petition, that he, by implication, confesses the demurrer, and that unless this is the true view of the law, then a plaintiff may, at will, nullify or at least evade the provisions of section 1826, and if this is the law, then plaintiff should be required to have the demurrer to the original petition disposed of in some manner either by confessing it, securing its withdrawal, or by having the court rule upon it, rather than adopt a method of procedure which results in an implied confession. For these reasons respondent prays the court to quash the alternative writ issued.

Relator demurred to this and has orally argued the matter before us, the respondent, by counsel, submitting a brief in support of his position.

We have set out the return rather fully because it sets out the position of that Honorable Circuit Judge clearly and succinctly.

A good deal of the argument of the counsel for respondent, following the general idea of his return, is de-

voted to a consideration of section 1826, Revised Statutes 1909. That section provides:

"If a third petition, answer, or reply be filed and adjudged insufficient as above, or the whole or some part thereof be stricken out, the party filing such pleading shall pay treble costs; and no further petition, answer, or reply shall be filed, but judgment shall be rendered."

Respondent argues that under this section, if the plaintiff, upon the filing of the demurrer to his petition, may amend as a matter of right without having the demurrer passed upon, he may repeat that procedure upon a demurrer to his amended petition and a motion to strike out his second amended petition and absolutely nullify the provisions of the above mentioned statute; that filing the amended petition, a demurrer to the original pending, is in effect a confession of the demurrer. In support of this branch of the argument respondent cites the decision of our Supreme Court in McCollum v. Lougan's Admr., 29 Mo. 451, l. c. 452.

In our view of this case it is not necessary to here pass upon that. The effect or application of section 1826 is not now or here pertinent.

Section 1852, Revised Statutes 1909, provides:

"A petition or answer may be amended by the proper party, of course, without costs and without prejudice to the proceeding already had, at any time before the answer or reply thereto shall be filed."

It is on this section that counsel for relator relies. That section has been of our law for many years. It first appeared in the Revised Statutes of 1855, p. 1254, as section 7, of article IX, chapter 128, entitled "Of Amending Pleadings and Proceedings." While the precise point here involved has never been distinctly passed upon by any of our courts, it has been said in Lane v. Dowd, 172 Mo. 167, l. c. 173, 72 S. W. 632, and referring to what is now section 1812, that under this section the right of a plaintiff to file an amended petition is undisputed.

In Morrison v. Herrington, 120 Mo. 665, l. c. 668, 25 S. W. 568, our Supreme Court, referring to what is now this section 1852, said:

"There can be no doubt but the plaintiff had the right to file the amended petition. As no answer had been filed, it was not necessary to first obtain leave to file the amended petition."

Respondent challenges this as not in point. We think it is.

We are also referred by respondent to section 1759, Revised Statutes 1909. That section provides that the summons issued in a cause after petition filed shall summon the defendant to appear in court "on the return day of the writ and at a place to be specified in said writ to answer the petition of the plaintiff;" and the argument is that under this section the requirement of an answer being filed is met by filing a motion to strike out, or to make more definite and certain, or by a demurrer, and that the word "answer" covers all pleas. But we do not think that the word "answer," as used in that section, in its most general terms, has the same meaning as the word "answer," has as used in section 1852. In this latter section the language is that the pleading may be amended without cost and without prejudice "at any time before the answer or reply thereto shall be filed."

In section 1759 the language is to appear at the place specified in the writ "to answer the petition." The term "answer" is there used in the general sense of any form of pleading. But in section 1852 the language used is "the answer," thus distinctly and specifically referring to "the answer." Our view of this section is that "the answer," as here used in this section, means, technically and literally, the answer and not any other form of pleading. We gather this from its context, for the very same provision which covers the answer also covers the reply. Under our Code, when the pleadings are made up there can be but one answer and one reply.

In Cooney v. Murdock, 54 Mo. 349, it appeared that the circuit court of Bollinger county had a well settled rule of practice not to permit a party defendant to file any pleading in vacation differing in character from that for which leave was granted. The defendant there had obtained leave to file an answer in vacation but instead of

doing this he filed a demurrer, which, on motion of plaintiff, was stricken out on the ground that it violated the rule above stated. Thereupon the defendant immediately tendered his answer and offered to file it, which the court refused to permit him to do and entered up judgment for the plaintiff. From this, defendant excepting, he took his appeal to the Supreme Court. That court said (l. c. 351):

"The action of the court, in striking out the demurrer, under its rules, would seem to have been correct. If, however, the answer had been preserved and had disclosed a meritorious defense, we should have held it an abusive exercise of discretion to have refused permission to file it, as it was already prepared, and no particular delay or hardship would have been occasioned by permitting it to be filed in term instead of vacation."

In the case at bar we have not the amended petition which was tendered, but it nowhere appears that leave to file it was refused because of its insufficiency or lack of stating a meritorious cause of action. The decision last cited is in line with a well settled rule that the discretion of the trial court, in matters of this kind must be reasonably exercised and not be a mere arbitrary enforcement of a statute or rule.

Our conclusion is that the learned trial judge was in error in refusing to allow the amended petition to be filed in this case on the ground stated, that is, because of the pendency of a demurrer undisposed of. Tendered, as this amended petition was, no answer having been filed, we think the learned trial judge misconceived the law and committed error in refusing to allow it to be filed.

Our conclusion is that the alternative writ heretofore issued should be made absolute and that the circuit court be directed to allow plaintiff to file the amended petition tendered. *Allen* and *Becker, JJ.,* concur.

## ON MOTION FOR REHEARING.

ALLEN, J.—Respondent, the learned circuit judge against whom the writ runs, insists that the opinion of

the court heretofore filed herein does not dispose of the real question in controversy, viz., the effect of filing an amended petition under the circumstances involved, particularly in connection with the provisions of section 1826, Revised Statutes 1909. In view of the provisions of section 1852, Revised Statutes 1909, providing that such an amendment may be made at any time before answer "without prejudice to the proceedings already had," it would seem plain that relator was entitled to file the amended petition without prejudice in any respect whatsoever. The filing of the amended petition was an abandonment of the original petition. The latter thus became a dead pleading and with it died also the demurrer which had been directed to it. But in no event could the filing of the amended petition, or its effect, be reckoned against the relator, plaintiff in the action below, upon any future attempt on the part of the defendant in the action to invoke the provisions of section 1826, supra. That section is to be strictly construed, and applies only where a third pleading has been *adjudged* insufficient on demurrer or motion to strike out. [See Roth Tool Co. v. Spring Co., 108 Mo. App. 618, 84 S. W. 183, and cases cited.] Unless there have been three successive adjudications declaring the pleading insufficient, that statute has no application. The abandonment of a petition by the filing of an amended one, as in the instant case, though while a demurrer is pending to the former, is not an adjudication that the original petition was insufficient. And furthermore, to consider it as tantamount to such an adjudication, to be reckoned as such under section 1826, supra, would be in the very teeth of section 1852, supra, which allows an amended petition to be filed any time prior to answer "without prejudice to the proceedings already had."

*Becker, J.,* concurs in these views. *Reynolds, P. J.,* expresses no opinion on the question, other than the opinion heretofore filed by him herein.