JOHN M. JONES, Appellant, v. MRS. GRACE COOK and GEORGE W. ANSPACH.—No. 39678.—193 S. W. (2d) 494.

Division Two, March 11, 1946.

Rehearing Denied, April 8, 1946.

*John V. Goodson* for appellant.

*Waldo Edwards* and *D. L. Dempsey* for respondents.

BARRETT, C.—John M. Jones seeks in this action, instituted in 1944, to cancel a sheriff's deed in partition and to have the proceedings in the partition suit declared null and void. Final judgment was entered in the partition suit in January 1940. George W. Anspach was the plaintiff in that suit and the defendants were John M. Jones, certain of Jones' creditors and Charles W. Shelton, Jones' trustee in bankruptcy. The subject of the partition suit and of this action is a tract of land in Macon County owned by Bessie Anspach when she died, intestate, in 1939. Her only heirs were her brother, John M. Jones, and her husband, George W. Anspach. Anspach, in instituting the partition suit, alleged that he and Jones were tenants in common, each entitled to an undivided one-half interest in Bessie's land, and that the land was not susceptible to division in kind. George became the purchaser under the decree in partition and subsequently transferred the property to the other defendant-respondent, Grace Cook.

The theory of Jones' present action and of this appeal is that the court did not have jurisdiction in the partition suit and consequently its judgment was a nullity. The basis of his theory that the court did not have jurisdiction is that Anspach, instead of having an undivided one-half interest in fee in Bessie's land, as he alleged in his petition, as a matter of fact had but a life estate (a successive rather than a coterminous estate) which, as against the remainderman, was an estate the court had no jurisdiction to partition. Duncan v. Duncan, 324 Mo. 167, 172-173, 23 S. W. (2d) 91, 93. He contends that since Bessie died intestate, childless and without descendants (Mo. R. S. A., Sec. 324) her husband, George Anspach, was bound to file a declaration electing to take one-half of her estate absolutely (Mo. R. S. A., Sec. 329) and having failed to make the statutory election, and not pleading or showing in the partition suit that he had, he had an estate for life only in her property (Mo. R. S. A., Secs. 318, 319, 329) which the court was powerless to partition. Gray v. Clement,

286 Mo. 100, 227 S. W. 111; 296 Mo. 497, 246 S. W. 940; Rhodus v. Geatley, 347 Mo. 397, 405-406, 147 S. W. (2d) 631, 637.

In substantiation of his claim Jones showed that George had made final settlement in the administration of his wife's estate. He proved that there was not on file in the probate court, or recorded in the recorder's office (Mo. R. S. A., Sec. 329), a declaration of election by which George elected to take one-half of his wife's property absolutely in lieu of a life estate in the whole of her property. It may be assumed, for the purposes of this case, that he did not in fact make the statutory election and yet it does not follow, inexorably, that the proceedings in partition must be set aside as void.

This is not an appeal from the judgment in partition as was true in Lee's Summit Building & Loan Assn. v. Cross, 345 Mo. 501, 134 S. W. (2d) 19 and McLain v. Mercantile Trust Co., 292 Mo. 114, 237 S. W. 506. It should be carefully noted that it does not appear from the petition or decree, or upon any matter of record that an essential jurisdictional prerequisite is absent from the partition suit. Restatement, Judgments, pp. 566-567. It is in this respect that Gray v. Clement and Rhodus v. Geatley, supra, differ from the instant case. In those collateral proceedings to determine title *"The petition in the partition suit* under consideration, *and the judgment itself,* recites that Josephine Brokel has a life estate in the premises, and the defendants have the remainder. . . . *The judgment shows on its face that the relief granted was such as the court could not render in that class of cases.* Therefore, it is void and subject to collateral attack." 286 Mo. l. c. 109-110, 227 S. W. l. c. 113-114. (Italics supplied.) When it does not appear upon the record that any of the jurisdictional prerequisites are absent it is presumed that the court found all the facts necessary to its jurisdiction and that all the partition statutes were complied with and that every statutory requirement was present and found by the court. Sullinger v. West (Mo.), 211 S. W. 65, 67; First National Bank & Trust Co. v. Bowman, 322 Mo. 654, 671, 15 S. W. (2d) 842. Even though Jones did not respond to the partition suit, but defaulted, George was nevertheless required to exhibit proof of his title (Mo. R. S. A., Sec. 1723) and the court was bound to "ascertain from the evidence, in case of a default, . . . and . . . declare the rights, titles and interests of the parties to such proceedings, petitioners as well as defendants, and determine such rights, and give judgment that partition be made between such of them as shall have any right therein accordingly." Mo. R. S. A., Sec. 1724. Consequently, it is even presumed that Anspach's title to an undivided one-half interest was not dependent upon his having made an election in his wife's estate but that his interest was derived from some other source. Sullinger v. West, supra. If good cause is not shown for setting aside the commissioner's report the procedure is to approve it and render final judgment, "which judg-

ment shall be binding and conclusive upon all the parties to the proceedings, and all persons claiming under them.'' Mo. R. S. A., Sec. 1739.

This is a subsequent, independent suit and direct attack is made that the judgment in partition is void by reason of extrinsic circumstances. Restatement, Judgments, p. 567. But it should also be carefully noted that Jones does not rely upon fraud in the procurement of the judgment in partition. Fadler v. Gabbert, 333 Mo. 851, 63 S. W. (2d) 121; Davidson v. I. M. Davidson Real Estate & Investment Co., 226 Mo. 1, 125 S. W. 1143, 136 Am. St. Rep. 615. There is no allegation or claim of mistake (Overton v. Overton, 327 Mo. 530, 37 S. W. (2d) 565) nor of collusion or conspiracy. Spotts v. Spotts, 331 Mo. 942, 55 S. W. (2d) 984. It is not claimed that Jones was deprived of a meritorious defense or that Anspach was guilty of any misconduct. Freeman, Judgments, Secs. 1189, 1213. Reliance is upon the sole fact, as we have indicated, that Anspach had not made the statutory election in his wife's estate and, therefore, he did not have an interest in the land which the court could partition.

Jones introduced in evidence the petition and the judgment in the partition suit. As we have said, the petition alleged that George and Jones were "tenants in common," each entitled to an undivided one-half interest in Bessie's described land and that the land could not be divided in kind. The relief asked was that the interests of the parties, the plaintiff George Anspach and the defendant John M. Jones, in the land be determined, the land sold and the proceeds of the sale divided accordingly. Unquestionably the petition stated a cause of action for partition under the statute. Mo. R. S. A., Secs. 1709, 1713; Burton v. Helton (Mo.), 257 S. W. 128, 129. In the absence of some attack on the petition it was not necessary that the plaintiff set forth the facts of his title, as that it depended on an election (Rhorer v. Brockhage, 15 Mo. App. 16, 23); it was sufficient, after judgment, for him to have alleged the title or interest claimed. Chapman v. Kullman, 191 Mo. 237, 248, 89 S. W. 924, 926.

Not only did the petition state a cause of action but the sheriff's return in the partition suit recites personal service of the petition and summons upon Jones. He did not appear, however, or respond to the suit, but defaulted. Although, in his schedule in bankruptcy he did list as an asset an undivided one-half interest in this land. Shelton, his trustee in bankruptcy, entered his (the trustee's) appearance in the partition suit, filed an answer and was paid one-half the net proceeds of the partition sale and Jones claimed and was paid his statutory exemption of $300.00. If Jones had an interest in Bessie's property adverse to or greater than George's interest, or if George had less than an absolute interest or an interest that was not subject to being partitioned, he could have asserted the fact in answer

1136

to the partition suit. Forder v. Davis, 38 Mo. 107; Lindell Real Estate Co. v. Lindell, 142 Mo. 61, 43 S. W. 368; Becker v. Stroeher, 167 Mo. 306, 321, 66 S. W. 1083; Edwards v. Harrison (Mo.), 236 S. W. 328.

█ While the fact, singly or in combination, that the petition states a cause of action, that Jones could have defended the partition suit but failed to do so, that the jurisdictional prerequisites were presumptively found and present, is not conclusive in this direct proceeding (Restatement, Judgments, p. 566), nevertheless, relief may be refused in the absence of some compelling equitable reason. 3 Freeman, Judgments, Secs. 1188, 1227. *"Subject to general equitable considerations,* equitable relief will be given from a void judgment." Restatement, Judgments, Sec. 117. In this case, in view of all the circumstances, it is not made to appear that there is any injustice in the judgment in partition, as between Jones on the one hand and Mrs. Cook and Anspach on the other hand, even though it be assumed that the judgment is void and for that reason relief was properly denied in this case. McClanahan v. West, 100 Mo. 309, 13 S. W. 674; Restatement, Judgments, pp. 565-570.

Accordingly, the judgment is affirmed. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.

ON MOTION FOR REHEARING.

█ PER CURIAM:—Upon the trial of this cause and in his brief and argument on appeal the theory of the plaintiff's right to relief was that by reason of extrinsic circumstances, circumstances not revealed upon the face of the record, the judgment in partition was void. He claimed and attempted to demonstrate by evidence that the fact was that Anspach's sole and only title or right in the land depended upon Anspach's having previously made an election in his wife's estate and that because Anspach had not in fact made the required statutory election he was not entitled to maintain the suit in partition: Gray v. Clement, supra. The opinion was written on the theory upon which it was tried and presented and we sought to demonstrate that the extrinsic circumstances upon which the plaintiff relied, were not sufficient for the purpose claimed and did not conclusively █ show that the judgment was void. In substantiation of the judgment in partition and of the court's ruling in the present case we attempted to point out that upon the face of the record in the partition suit all jurisdictional prerequisites were present. Among other things we held that the petition stated a cause of action for partition.

Now, for the first time, on motion for rehearing the plaintiff urges that the petition upon which the partition suit was founded did not

state a cause of action and for that reason the trial court did not have jurisdiction to entertain the suit and enter the judgment. It is pointed out that our opinion erroneously states as a fact that Anspach in his petition alleged that he and Jones were "tenants in common," when the fact was that the allegation was contained in the original petition which was abandoned upon his filing an amended petition (State ex rel. v. Grimm, 197 Mo. App. 566, 196 S. W. 1019) which did not contain the allegation that the parties were tenants in common. It is now asserted that because the amended petition did not in fact contain an allegation that the parties plaintiff and defendant were "tenants in common" or use language equivalent to an allegation of tenancy in common that the petition did not state a cause of action. The appellant says: "There is no such allegation in the amended petition and it is the very failure to make such allegation, or allege words equivalent thereto, that constitute a fatal defect in such amended petition; absent such allegation the court had no jurisdiction and the judgment in the partition case was and is therefore void."

It is true, ordinarily, that the statement that the parties are "tenants in common" is an allegation commonly found in the conventional petition in partition. That is one of the estates subject to partition. Mo. R. S. A., Sec. 1709. But it is not one of the jurisdictional allegations required by the statutes to be set forth in the petition. The statute says: "The petition shall particularly describe the premises sought to be divided or sold, and shall set forth the names, rights and title of all parties interested therein, so far as the same can be stated, . . ." Mo. R. S. A., Sec. 1713. Here the amended petition described the premises, set forth the names of the only parties who could have an interest in the land and as to their rights and titles said: "The said George W. Anspach, as the husband of said Bessie Anspach, deceased, is entitled to an undivided one-half in all the above described lands, and the defendant, John M. Jones, as the brother of said Bessie Anspach, is entitled to an undivided one-half interest in said above described real estate." It is argued that this allegation can only mean that Anspach's right to a one-half interest is dependent solely on his relationship to his wife, as that he must have made the statutory election, and it, therefore, shows on its face that he was not possessed of such a right as gave the court jurisdiction to partition the land.

In the first place, it should be again noted that there was not, and until now has never been, an objection to the petition. Chapman v. Kullman, 191 Mo. l. c. 248, 89 S. W. l. c. 926. And, in partition, "All pleadings and proceedings under this article shall be had as in ordinary civil actions." Mo. R. S. A., Sec. 1717. In the second place, the quoted allegation is not comparable to the statement, tested by demurrer to the petition, that "Rosa Bates (the defendant) has a widow's dower interest in said land to the amount of one-third or $1,500.00, in and to said real estate; *that the defendant has not made an election*

*as to her rights in said real estate.''* Carver v. Bates (Mo. App.), 185 S. W. (2d) 884. As we have previously pointed out, the allegation in this case that Anspach "is entitled to an undivided one-half in all the above described lands," tested as it is at this late day, is well within the allegations of Burton v. Helton (Mo.), 257 S. W. l. c. 129, "that plaintiff and defendant are each the owners of an undivided one-half interest," without further describing the interest or explaining how they came by it. Disregarding our erroneous statement, the petition states a cause of action in partition and the record does not necessarily reveal on its face that the facts were such that the trial court did not have jurisdiction to entertain the cause. In the absence of such a showing the presumption prevails that all jurisdictional requirements were present and found by the court. Sullinger v. West, supra; First National Bank & Trust Co. v. Bowman, supra.

Accordingly, the appellant's motion for rehearing is overruled.