STATE of Missouri ex rel. and to the Use of Lois L. HICKLIN, by Mary F. McDaniel, Her Next Friend, Respondent,

v.

The FIDELITY AND CASUALTY COMPANY OF NEW YORK, a Corporation, Appellant.

No. 22108.

Kansas City Court of Appeals.

Missouri.

Jan. 10, 1955.

Tom J. Stubbs, Jack G. Beamer, Stubbs, McKenzie, Williams, Merrick & Gibson, Kansas City, for appellant.

Jim T. Reid and William I. Potter, Kansas City, for respondent.

DEW, Judge.

This action was brought to recover actual and punitive damages for an alleged false arrest and imprisonment of the plaintiff. The cause was submitted to the jury as to defendants Lambert Schlueter, Lillian Hamilton (Davenport) and The Fidelity and Casualty Company of New York, and a verdict rendered against them in the sum of $3000 for actual, and $500 for punitive damages. Judgment was entered accordingly.

Because of the disposition which must be made of this appeal it is not necessary to state the facts in evidence pertaining to the merits of the cause. Suffice it to say that the gist of the evidence of the plaintiff tended to show that through the instigation of the defendant Lillian Hamilton (Davenport) and with the aid of defendant Lambert Schlueter, sheriff of Lafayette County, Missouri, plaintiff was arrested and confined in jail, and that such proceedings were claimed to have been false and unlawful. Defendant The Fidelity and Casualty Company of New York is the surety on the official bond of the defendant Schlueter, sheriff. Defendants' evidence and pleadings tended to controvert much of the plaintiff's proof and allegations. Defendant The Fidelity and Casualty Company of New York, hereinafter referred to as the appellant, filed a cross-claim against defendant Schlueter which, on plaintiff's motion, was dismissed by the court. Among other points made here the appellant complains that in the course of the trial appellant was not allowed to explain to the jury the legal effect of the bond sued on nor the relationship between it as surety, and defendant Schlueter, as principal. It also objected to Instructions 1, 2, 3, and 4, given by the court at the request of the plaintiff. All the foregoing objections were set out, with others, in the appellant's motion for a new trial, which we shall presently discuss.

The verdict and judgment were rendered on October 13, 1953. In due time, to-wit, on October 20, 1953, appellant filed its separate motion for new trial. On October 21 and 22, the other defendants, respectively, filed their separate motions for new trial. On October 22, the following entry was made of record: "Now, on this day by leave of Court defendant The Fidelity and Casualty Company of New York amends its Separate

Motion for New Trial by interlineation by inserting the words 'and judgment' between the words 'verdict' and 'herein'". By the amendment aforesaid appellant's motion for new trial was amended by interlining between the words "verdict" and "herein" the words "and judgment", in the first paragraph, making it read "to set aside the verdict and judgment herein, to grant it a new trial," etc.

On October 30, the court entered an order to the effect that appellant's motion for a new trial had been "taken up, heard and taken under advisement". On January 19, 1954, the record shows the court again took up and heard the motion and that it sustained the motions of all the defendants for a new trial, assigning as error the giving of plaintiff's Instructions 1, 2, 3 and 4. On January 25, 1954, appellant filed a separate notice of appeal from "the judgment entered in this action on the 13th day of October, 1953". No other defendant appealed.

Appellant explains in its brief that a doubt arose in the minds of the court and appellant's counsel as to whether the trial court, as to appellant, had lost jurisdiction of the cause prior to granting it a new trial, and, in order to determine that question and to preserve other assignments of error made at the trial, this appeal was taken. In the conclusion of its brief, the appellant states: "For the errors hereinabove noted appellant, The Fidelity and Casualty Company of New York, urges the Court to reverse the judgment entered below in favor of the respondent, and remand the cause with instructions to re-try the issues and upon new trial to permit appellant to file its cross-claim against defendant Schlueter, to make known to the jury the legal effect of the official bond sued upon in the opening statement and closing argument, and to properly instruct the jury as to the principal-suretyship relation existing between defendant, Lambert Schlueter, and appellant, The Fidelity and Casualty Company of New York".

The respondent takes the position that since January 19, 1954, was 91 days after the filing of the appellant's motion for new trial on October 20, 1953, the court had lost its jurisdiction over said cause, so far as appellant is concerned, and that its order of January 19, 1954, sustaining appellant's motion for a new trial, is void. It is not claimed that the order sustaining the motions of the other defendants is void. Upon such premises, the respondent contends that she now has a final judgment in the cause as against the appellant, notwithstanding the other defendants have been granted a new trial.

The appellant argues that since its only amendment to its motion for a new trial was timely made, that is, on the 9th day after date of judgment, the time for consideration of the motion, when taken under advisement, began to run from the date when the motion was so finally amended and completed. If so considered, the order sustaining it was made one day before the time allowed had expired.

It is the policy of the law, and so required by Section 512.160 RSMo 1949, V.A.M.S., that all allegations of error be first presented to the trial court, except jurisdiction over the subject-matter and sufficiency of the pleadings to state a claim or defense. 42 V.A.M.S. Supreme Court Rules 3.23 and 3.24. Section 510.340 requires a motion for new trial to be filed not later than ten days after the entry of the judgment, and requires the judgment to be entered as of the date of the verdict. If such motion be filed timely, the finality of the judgment is thereby suspended until disposition of the motion. According to Section 510.360, a motion for new trial is deemed denied for all purposes if not disposed of by the court within 90 days after "the motion is filed". See, also, Supreme Court Rule 3.24. It is true that January 19, 1954, the date on which the court sustained appellant's motion for new trial, was the 91st day after the appellant's motion was filed in its original form, to-wit, October 20, 1953.

It seems clear to us that it was the purpose of the Legislature to provide and to allow the full period of 90 days, if required by the court, for its considera-

tion of a timely motion for new trial taken under advisement, and that it was not intended to shorten that period for the consideration by the court of matters timely submitted by amendment and which expressly form a part of such motion. As was quoted in State v. Burns, 312 Mo. 673, 680, 280 S.W. 1026, 1028, 44 A.L.R. 848, " 'All the grounds intended to be relied on must be included in one motion; the movant cannot separate them, and file a separate motion for each cause assigned.' " Neither do we believe that the section was intended to forfeit any right a party may have respecting any matter of error plainly raised as an amendment to his motion as originally filed, so long as the ten day period for such original motion has not expired when the amendment is made. Nothing short of ten days for filing the motion, with any and all amendments, was intended; and, when the motion is taken under advisement, nothing short of ninety days was meant as the maximum period for the court to consider all the points so raised by the motion as a whole. We construe the words of Section 510.360 "after the motion is filed," to mean the date, within ten days after entry of judgment, when such motion, with all of its amendments, shall have been completely made and filed.

But respondent points out that no "amended motion" was "filed"; that no copy of such "amended motion" was served on respondent, nor notice to call an "amended motion" up for disposition; that apparently an ex parte application was orally made to amend by interlineation; that the body of the only motion "filed" did not contain any allegation of error in entering the "judgment". Section 509.280 RSMo 1949, V.A.M.S., is cited, which reads in part as follows: "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

It is conceded that appellant amended its motion for new trial by interlineation on the 9th day after date of judgment. The record shows that the court gave the appellant leave to do so. Since, as we have held, the appellant had the statutory right to file its motion for new trial at any time within the statutory period of ten days after judgment, and to enlarge such motion by reference and amendment filed at any time within such ten day period, leave of court to do so, although asked for and granted in the instant case, was not essential to appellant's right to the amendment, and no notice of appellant's intention to so amend was required. It is said in 66 C.J.S., New Trial, § 145, p. 393: "In the absence of statute or rule of court to the contrary, an amendment (of the motion for new trial) may be made within the time allowed by law for the filing of an original motion without leave of court." Our code requires no service of any intention to file a motion for a new trial, or of an intention to apply to the court for leave to file it. Section 510.340 RSMo 1949, V.A.M.S. However, under Section 506.100 RSMo 1949, V.A.M.S., a general statute pertaining to methods of service of papers, a copy of a motion for new trial, together with all amendments thereto, should be served upon the opposing parties before presentation of the same to the court for disposition, since such motion is not one that may be disposed of ex parte.

According to the record, there appears on the face of the appellant's motion for new trial a signed acknowledgment of the receipt of a copy thereof by the counsel for the respondent on October 20, 1953. But, as we have seen, the amendment was made of record on October 22, 1953. The record shows that on October 30, 1953, the separate motions of the defendants for new trial in the case "were by the court taken up, heard, and by the court taken under advisement". The record next shows that on January 19, 1954, the separate motions of the defendants for new trial were each again taken up and heard by the court and that each was sustained on the grounds that the court erred in giving Instructions numbered 1, 2, 3, and 4. The record does not show that a copy of appellant's amend-

ment to its motion for new trial was served on respondent or notice thereof in any other form given. Neither does it show that such copy or notice was *not* served or given. The record shows no steps taken by the respondent in the trial court at the time of or after the court's action in sustaining the appellant's motion for new trial, to have the same set aside or otherwise held in abeyance for reason of lack of notice of the amendment in question. This court is unable to determine from the transcript that the respondent received no notice of the amendment.

In First National Bank & Trust Co. of King City v. Bowman, 322 Mo. 654, on page 671, 15 S.W.2d 842, on page 850, in a partition suit, the Supreme Court said: " 'It is well established as a general rule that, where a court of general jurisdiction has exercised its powers, it will be presumed, unless the contrary appears of record, that it had jurisdiction both of the subject matter of the action and of the parties, for, as the first duty of all courts is to keep strictly within the limits of their jurisdiction, any affirmative act on the part of a court implies that it has ascertained that it has jurisdiction so to act. Conversely, no presumption against jurisdiction can be indulged, nor should anything be presumed to be outside of the jurisdiction of a court of general jurisdiction. It accordingly will be presumed that all the facts necessary to give the court jurisdiction to render the particular judgment were duly found, and that every step necessary to give jurisdiction has been taken.' 15 C.J. 827–829. And, according to the weight of authority, the presumption in favor of the jurisdiction of a court of record may be overcome only by recitals in the record showing affirmatively that the court was without jurisdiction in respect either to the parties or to the subject-matter, and not by evidence *dehors* the record in the suit or action in which the court has assumed jurisdiction."

The above principle was reiterated in Jones v. Cook, 354 Mo. 1130, at page 1134, 193 S.W.2d 494, at page 496: "When it does not appear upon the record that any of the jurisdictional prerequisites are absent it is presumed that the court found all the facts necessary to its jurisdiction and that all the partition statutes were complied with and that every statutory requirement was present and found by the court." See, also, Meyerhardt v. Fredman, Mo.App., 131 S.W.2d 916.

Applying the above principle, it is presumed that the court acted according to the law in taking up and hearing the amended motion of the appellant on October 30, 1953, and again in its final disposition of the same on January 19, 1954, in the absence of any objection made thereto or showing to the contrary appearing of record.

In view of the foregoing determination that the appellant regularly moved for a new trial in the trial court and was timely granted a new trial as prayed for, its appeal here cannot stand. Under the circumstances, it is evident that there is no final judgment in the cause at the present time, the same having been set aside as to the appellant and all other defendants. Furthermore, the appellant cannot now be deemed an aggrieved party, a fact essential to the right of appeal. Section 512.020 RSMo 1949, V.A.M.S.; Bailey v. Interstate Airmotive, Inc., 358 Mo. 1121, 1128, 219 S.W.2d 333, 8 A.L.R. 2d 710; Shoush v. Truitt, Mo.App., 235 S.W.2d 859. Except to determine our own jurisdiction, this court would have no authority, pending a new trial regularly ordered by the trial court, to grant any of the relief asked for by the appellant here, which, in the present status of the cause, constitutes matters now exclusively within the jurisdiction of the trial court upon retrial. Appeal dismissed.

All concur.